**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY,<br><br>                  Plaintiff,<br>   vs.<br>ELIZABETH S. ORTIZ, et al,<br><br>                  Defendants.<br>                                /<br>and related counter-claims<br>                                / | CASE NO. CV F 08-0691 LJO SMS<br><br>**ORDER ON MOTION FOR DISCOVERY SANCTIONS AND MOTION TO EXTEND EXPERT DISCOVERY CUT-OFF** |

      Two motions are pending before this Court. Both motions relate to the designations of experts. Plaintiff Carolina Casualty Insurance Company ("plaintiff") filed a "Motion to Extend the Expert Discovery Deadline and Compel Defendants to Cooperative in Rescheduling the Depositions of Experts." (Doc. 72.) Defendants filed a "Motion for Sanctions for Failure to Comply with the Court's Prior Discovery Order to Produce Expert Witness for Deposition." (Doc. 74.) The parties filed oppositions and reply papers to one another's motions. This Court elected to decide the motion, rather than have it heard before the Magistrate Judge, in light of the proximity of the trial date and the impact upon this Court's trial calendar. Pursuant to Local Rule 78-230(h), this matter is submitted on the pleadings without oral argument. Therefore, the hearing set for November 3, 2009 is VACATED. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

/////

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff moves to extend the expert discovery cut-off for 1-2 weeks and asks the Court's assistance in resetting the deposition of plaintiff's coverage expert, Allison K. Smith, and defendant's coverage expert William T. McLaughlin II. Defendants move to exclude plaintiff's expert for abuse of the discovery process. The two sets of defendants, which the parties refer to as the "Ortiz Defendants,"[1] and as the "Diego Defendants,"[2] both join in the Motion for Sanctions.

**A.  Procedural Overview**

The action involves declaratory relief and related counter claims as to insurance coverage for a motor vehicle accident. The Court's Scheduling Order issued on December 8, 2008 set an expert disclosure deadline of August 7, 2009 and a supplemental expert disclosure deadline of August 21, 2009. Expert discovery cut-off was set as September 25, 2009.

The case is set for a bifurcated trial. The coverage issue is scheduled for summary judgment motion on December 18, 2009 and trial of any remaining issues is scheduled for April 7, 2010.

**B.  The Discovery Dispute**

The discovery dispute centers the disclosure of plaintiff's expert's report and a supplemental report by defendants' expert. Both plaintiff and defendants designated their experts on August 7, 2009. Plaintiff designated Ms. Allison Smith as its expert and defendants designated Mr. William McLaughlin as their expert. Defendants disclosed their expert's report with the designation. Plaintiff, however, did

---

[1] Defendants and counterclaimants ELIZABETH S. ORTIZ, individually and as Guardian ad Litem for KASSANDRA N. ORTIZ and ALEXIS J. ORTIZ, minors; KASSANDRA N. ORTIZ and ALEXIS J. ORTIZ, each individually; ESTATE OF JAVIER ORTIZ FUENTES, by and through its Representative ELIZABETH S. ORTIZ (collectively, the "Ortiz Defendants")

[2] Defendants and Counterclaimants VERONICA DIEGO, individually and as Guardian ad Litem for JOSÉ ANTONIO DIEGO and ROBERTO DIEGO-JERONIMO, minors, each individually and as Successors in Interest of Aniceto Diego Trujillo, deceased; MARIA GUADALUPE ALFARO VEGA, individually and as Guardian ad Litem for KARINA ALEJANDRA CORTES ALFARO and LUIS GERARDO CORTES ALFARO, minors, each individually and as Successors in Interest of Gerardo Cortes Cervantes, a.k.a. Gerardo Cortez, deceased; MARIA IMELDA MERCADO individually and as Guardian ad Litem for VICKY NAVA, JOESELYN NAVA and STEPHANIE NAVA, minors; VICKY NAVA, JOESELYN NAVA and STEPHANIE NAVA, each individually and as Successors in Interest of Gabino Nava Sanchez a.k.a. Omar Ramirez, deceased; FAVIOLA QUEZADAS DE VELASQUEZ, individually and as Guardian ad Litem for LAURA ALEJANDRA VELASQUEZ QUEZADAS, ALONDRA LIZBETH VELASQUEZ QUEZADAS, JOSÉ DE JESUS VELASQUEZ QUEZADA, JOHN VELASQUEZ-QUEZADA, RICHARD VELASQUEZ-QUEZADA and DIEGO EMMANUEL VELASQUEZ-QUEZADA, minors, each individually and as Successors in Interest of José Velasquez Martinez, deceased, the moving parties herein (collectively, the "Diego Defendants")

2

not disclose its expert's report when it disclosed the name of its expert. Plaintiff noted in its expert disclosure: "There is currently no written report by Ms. Smith. However, Ms. Smith is in the process of preparing a written report and one will be provided prior to the deadline for supplemental disclosures on August 21, 2009." (The expert designation was not provided to the Court as an exhibit.) The Diego Defendants filed an objection to the failure to include an expert report. (Doc. 47.) The Ortiz Defendants also filed objections to the expert. (Doc. 48.)

Plaintiff responded that an untimely expert report was "harmless," defendants did not suffer prejudice, defendants must meet and confer, and plaintiff planned to disclose the report by the supplemental expert deadline. (Doc. 49.) Apparently, the report was disclosed by the supplemental expert deadline because the defendants then filed objections to the designation of expert Allison Smith as a "supplemental" expert. (Doc. 54, Objection by Diego Defendants; Doc. 55, Objection by Ortiz Defendants.)

Thereafter, Carolina Casualty filed law and motion seeking to cure the defect in its expert designation. (See Doc. 57-70 - "Motion to Confirm no Prejudice;" "Motion to Appoint Expert"). The expert report was provided on August 21, 2009, fourteen days after Ms. Smith's designation and the exchange of defense expert's report.

**C.     The Magistrate Judge's Ruling on the Requested Relief**

Magistrate Judge Sandra M. Snyder held a discovery dispute conference on September 9, 2009 on the issue of the disclosure of plaintiff's expert report. Judge Snyder resolved the disclosure dispute by minute order as follows:

> "In receipt of and having read two (2) sets of moving papers for plaintiff's ex parte application/order and noticed motion to confirm that there is no harm or prejudice due to the inadvertent delay in serving the expert's report (Docs. 57-70), the dispute is informally RESOLVED as follows: Plaintiff is GRANTED relief, allowing expert's tardy report admissible, allowing discovery to go forward regarding coverage issues; relief seeking admission of expert's report/testimony at trial and other proceedings DENIED AS MOOT, requiring motion(s) by defendants seeking appropriate sanctions." (Doc. 71.)

As pertinent to the motions currently before this Court, Magistrate Judge Snyder further ruled how the parties were to conduct themselves with respect to the remaining aspects of expert discovery:

> "Further, (1) Defendants' expert shall have reasonable time to review Plaintiff's expert report and serve a supplemental report; Plaintiffs to pay for five (5) hours of

3

review/amendments by defense expert; (2) Plaintiff's expert to be deposed, without subpoena, before Defendants'; and, (3) Plaintiff's counsel may NOT cross examine defense expert in the presence of the jury as to why, if so, defenses' expert changed opinions/ amended report."  (Doc. 71.)

Thus, Judge Snyder permitted the late expert report, but imposed three conditions to the relief requested by plaintiff.

**D.    Events Following the Issuance of Judge Snyder's Order**

Defendants served their notice of deposition of plaintiff's expert, Ms. Smith, on September 9, 2009 for a September 22, 2009 deposition.  (Doc. 72, Motion to Extend Discovery, Exh. D.) Defendants' expert, Mr. McLaughlin, was set for deposition the next day, September 23, 2009.

A series of correspondence was then exchanged between counsel regarding supplemental reports and deposition dates.  The crux of the argument focused on the plaintiff's compliance with Judge Snyder's order and when the supplemental expert report by defendants' expert, Mr. McLaughlin, would be submitted.  A summary of the correspondence is as follows:

1.    On September 10, 2009, plaintiff's counsel asked for "fairness" that defendants' expert's supplemental report be provided: "any supplemental report should be served via e-mail or facsimile no later than September 17, 2009.  (Doc. 74, Williams Decl. ¶3, Exh. B.)

2.    On September 11, 2009, defense counsel responds that his expert is working on the report and that counsel will not "dictate that my expert take short cuts just to meet a timetable that your office created and that you are now attempting to arbitrarily dictate. Again, all I can assure you is that Mr. McLaughlin will act in good faith to comply with the court's directive." (Doc. 74, Williams Decl. ¶3, Exh. C.)  In this correspondence, defense counsel requests payment for the expert's time as sanctioned by Judge Snyder.

3.    Further correspondence between counsel on September 14, 2009 revolves around when defense expert Mr. McLaughlin will provide a supplemental expert report.  Plaintiff asks for the report to be provided by "this week," in light of the depositions of the experts, on September 22 and 23, 2009.  Defendant's concern is providing the expert sufficient time, in light of the expert's other commitments, to prepare the report.  In addition, defense counsel requests the payment of five hours of expert time as ordered by Judge Snyder.

4. In additional correspondence between counsel on September 17, 2009, plaintiff's counsel asks when the supplemental report will be prepared. Counsel also state that he has "taken off" the two expert deposition scheduled for September 22, and 23, 2009: "[a]t this point we have taken both depositions off calendar pending being reset to comply with Federal Rule 26 [b] (4) (a)." Plaintiff's counsel asks for a stipulation to continue expert discovery. (Doc. 74, Williams Decl. ¶3, Exh. F.)

5. A flurry of correspondence was exchanged the next day on Friday, September 18, 2009. Defense counsel confirms the cancellation of Mr. McLaughlin's deposition, but confirms that Ms. Smith's deposition will go forward as noticed on September 22, 2009. Counsel notes that plaintiff's counsel has no authority to cancel a deposition set by the opposing counsel. Defense counsel states he hopes to get the supplemental report to plaintiff by end of the day. Plaintiff's counsel again asks for a stipulation to continue expert discovery.

6. Mr. McLaughlin's supplemental report is provided to plaintiff's counsel of Saturday, September 19, 2009.

7. On Monday, September 21, 2009, plaintiff's counsel writes defense counsel that the 12 page single spaced supplemental report was provided at the "last minute" and that the expert depositions "will not go forward tomorrow and Wednesday of this week." (Doc. 74, Williams Decl. ¶3, Exh. L.)

8. Neither plaintiff's counsel nor plaintiff's expert, Ms. Smith showed up for her deposition on September 22, 2009.

## ANALYSIS AND DISCUSSION

**A.    Expert Disclosure pursuant to Fed.R.Civ.P. 26(a)(2)**

Fed.R.Civ.P. 26(a)(2)(A) requires parties to disclose the identity of each expert who will testify at trial. The disclosure "shall with respect to a witness who is retained . . . be accompanied by a written report prepared and signed by the witness." Fed.R.Civ.P. 26(a)(2)(B).

"The reason for requiring expert reports is 'the elimination of unfair surprise to the opposing party and the conservation of resources.'" *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 299 (D. Nev.

1998) (quoting *Redd v. Binder*, 165 F.R.D. 424, 429 (D. N.J. 1996) (citations omitted)). The disclosures and reports are made according to the schedule the court directs. Fed.R.Civ.P. 26(a)(2)( C) provides, "[a] party must make these disclosures at the times and **in the sequence** that the court orders." (Emphasis added.)

Fed.R.Civ.P. 26(b)(4)(A) prohibits an expert's deposition prior to the expert's report:

> A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under [Fed.R.Civ.P. 26](a)(2)(B), the deposition shall not be conducted until after the report is provided.

Fed.R.Civ.P. 26(a)(2) "imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed.R.Civ.P. 26 Adv. Comm. Notes (1993 Amendments).

**B.  Noncompliance with Judge Snyder's Order**

Here, plaintiff's counsel applied for and received relief for the late expert disclosure from Judge Snyder. Judge Snyder, however, conditioned that relief upon several things, two of the items specifically relate to expert preparation and deposition:

> (1)  Defendants' expert shall have reasonable time to review Plaintiff's expert report and serve a supplemental report; Plaintiffs to pay for five (5) hours of review/amendments by defense expert;
> (2)  Plaintiff's expert to be deposed, without subpoena, before Defendants';

Neither one of the conditions in item (1) has been satisfied by plaintiff. First, plaintiff has not paid for the five hours of review/amendment by the defense expert. Defense counsel has requested, multiple times, that plaintiff pay an amount of $2,500 to compensate the expert for his time. Plaintiff has not paid for the expert's time. Plaintiff argues in its papers that it was unsure that the supplemental report would be provided. This excuse, however, rings false. Throughout the correspondence, plaintiff demanded the supplemental report from Mr. McLaughlin and was assured it was forthcoming, yet plaintiff failed to provide the compensation that Judge Snyder ordered.

The second condition in item (1) has marginally been satisfied. Judge Snyder granted a "reasonable time" for the defense expert to review plaintiff's expert report and serve a supplemental

report. Plaintiff argues that the defense expert has the plaintiff's expert's report for August 21 to September 18, which plaintiff argues is plenty of time. Judge Snyder, however, granted a "reasonable time to review and supplement" from the date of her order on September 9, 2009. Plaintiff's expert's report is not before the Court, but given that Mr. McLaughlin supplemented his report with a 12-page single spaced report, implies that reviewing plaintiff's expert's report was not a simple matter. Plaintiff does not argue that Mr. McLaughlin took an unreasonable amount of time to prepare his supplemental report. Plaintiff argues that the supplemental report was not provided when plaintiff's counsel wanted the report in light of the scheduled depositions. This, however, does not warrant a finding of unreasonableness by the defense expert. Further, the time frame from September 10 to September 19 (when the supplemental report was provided) is not an unreasonable amount of time. The time span is seven (7) business days.

The condition in Judge Snyder's item (2) has not been satisfied. Plaintiff refused to provide its expert, Ms. Smith, for deposition. Judge Snyder ordered that plaintiff's expert be deposed, without subpoena, before defendants' expert was deposed. Defendants scheduled plaintiff's expert for a deposition for September 22, 2009, but plaintiff unilaterally cancelled the deposition. Plaintiff simply refused to produce its expert for deposition. Plaintiff has cited no authority under the Federal Rules which permits plaintiff to withhold its expert from deposition. Plaintiff has failed to comply with the Court's order regarding the conditions set for relief from late designation of experts.

**C.     Conduct Warrants Sanctions**

Given that plaintiff has failed to comply with Judge Snyder's conditions, the Court considers the totality of plaintiff's conduct regarding its expert to determine whether, and to what extent, to sanction plaintiff. Expert designation, and expert report exchange, was scheduled for August 7, 2009. Defendants timely disclosed their expert and written report. Plaintiff disclosed Ms. Smith but not her report. This conduct appears to be a tactical decision to delay disclosure. While plaintiff argued before Judge Snyder that "[t]hrough the mistake of counsel, Ms. Smith had not yet prepared her expert witness report on August 7, 2009," (Doc. 58, plaintiff's application p.1), plaintiff has compounded its initial abuse of failing to timely disclose its expert's report, with unreasonable obstruction of access to the expert for deposition. There is no excuse for failing to produce its expert for a properly noticed

7

deposition and in compliance with Judge Snyder's order. The only proffered excuse is the "delay" in receiving Mr. McLaughlin's supplemental report. Whatever the "timing" issue of supplementing the expert's report, plaintiff was not entitled to ignore Judge Snyder's order, and the Federal Rules of Civil Procedure, and unilaterally cancel its expert for deposition. Rather, plaintiff has been engaging in gamesmanship in disclosing expert information, providing access to its expert and crafting "word games" with Judge Snyder's order.

**D.     Appropriate Sanctions**

Here, the defendants request the Court to exclude Ms. Smith from testifying or otherwise providing evidence in this matter.

A court's choice of sanctions under Rule 37(b)(2) is reviewed for abuse of discretion. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir.1987), *cert. denied*, 488 U.S. 819 (1988). Preclusion of an expert witness is an appropriate sanction when the circumstances so warrant. See Fed.R.Civ.P. 37(b)(2)(B); *Jenkins v. Whittaker Corp.*, 785 F.2d 720, 727-28 (9th Cir.), *cert. denied*, 479 U.S. 918 (1986). Cases which had upheld exclusion of the expert witness as a sanction under Rule 37(b)(2) for failure to comply with the court's scheduling conference order, involve multiple factors such as several missed deadlines, bad faith conduct, or disobeyed discovery orders (*Exxon Corp. v. Halcon Shipping Co., Ltd.*, 156 F.R.D. 586 (D.N.J. 1994), *order aff'd*, 156 F.R.D. 589 (1994); *Parker v. Freightliner Corp.*, 940 F.2d 1019 (7th Cir. 1991) (missed status hearing, failed to file discovery requests, no response to discovery, disobeyed discovery orders); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375 (5th Cir. 1996) (experts failed to appear at depositions, failed to have opinions set, experts failed to do necessary work to complete by deadline).)

Rule 26 requires parties to disclose the identity of any expert witness "accompanied by a written report" detailing the opinions the expert will express and the data on which he or she will rely, "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2). Rule 37( c) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001). Rule 37(c)(1) prohibits the use of an untimely expert report at trial absent a substantial justification and showing of harmlessness. *Yeti*, 259 F.3d at 1106. A party who fails properly to

8

disclose its experts and their reports may be barred from using on direct examination any expert testimony not so disclosed ... unless the failure to disclose was "substantially justified" or "harmless." See Fed.R.Civ.P 37(c)(1) The burden of proving "substantial justification" or "harmlessness" is on the party that failed to comply with its disclosure obligations under Rule 26(a) or (e). *Yeti*, 259 F.3d at 1106.

This Court concludes that plaintiff's failure to produce its expert report in a timely manner, to pay for the supplemental expert report, and to produce its expert for deposition are neither substantially justified nor harmless. More to the point, they are unjustified and harmful. Judge Snyder ordered conditions to mitigate the prejudice to defendants from plaintiff's failure; conditions plaintiff did not satisfy. Plaintiff has not offered legitimate justification for its conduct.

The conduct is not "harmless." The Court would have to reopen discovery at this late date. The pretrial date, discovery cut-off, and trial date were both set in the same scheduling order. A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.) Plaintiff further violated the Federal Rules of Civil Procedure by refusing to produce its expert for deposition.

Because the deadlines for disclosing experts and conducting expert discovery have passed, the Court would have to reopen discovery and extend the period to avoid further prejudice to the defendants. When the order establishing an expert disclosure deadline also sets a deadline for pretrial motions, the Ninth Circuit has held that "[d]isruption to the schedule of the court and other parties is not harmless." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). This conduct would interfere with this Court's trial schedule, which is unduly impacted by the volume of cases proceeding to trial. Delay and gamesmanship do not warrant further delay, even if the Court could accommodate rescheduling. Interference with a trial schedule is not harmless. *Wong*, 410 F.3d at 1062. Accordingly, the Court finds plaintiff's conduct is neither substantially justified nor harmless.

/////

/////

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Sanctions Precluding Expert Testimony is GRANTED. Plaintiff is precluded from introducing any opinions, conclusions, reports or other testimony of its designated expert witness Allison Smith.

IT IS SO ORDERED.

Dated:   October 27, 2009                    /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE