IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY,<br>          Plaintiff,<br>     v.<br>ELIZABETH S. ORTIZ, et al,<br>          Defendants.<br>_____/<br>and related counter-claims<br>_____/ | CASE NO. CV F 08-0691 LJO SMS<br><br>**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER PRECLUDING PLAINTIFF'S EXPERT'S TESTIMONY** |

On December 4, 2009, plaintiff Carolina Casualty Insurance Company filed its *ex parte* application to shorten time for its Motion for Reconsideration of the Court's October 28, 2009 order precluding plaintiff's expert's testimony. (Doc. 93 Order.) The Court GRANTS the *ex parte* application and decides the motion for reconsideration without the need for opposition, argument or further briefing. Pursuant to Local Rule 230(g), this matter is submitted on the pleadings without oral argument. Having considered the moving papers, as well as the Court's file, the Court issues the following order.

**FACTUAL AND PROCEDURAL BACKGROUND**

The action involves declaratory relief and related counter claims as to insurance coverage for a motor vehicle accident. On October 28, 2009, this Court precluded plaintiff from introducing any opinions, conclusions, reports or other testimony of its designated expert witness, Allison Smith. (Doc. 93, "Preclusion Order.") The Court precluded plaintiff's expert from testifying on the grounds of discovery abuse. The Court found that plaintiff had failed to comply with Judge Snyder's order on expert discovery. (See Preclusion Order p. 6-7.) The Court considered the totality of the expert

discovery and ruled, in part, that, "[t]his Court concludes that plaintiff's failure to produce its expert report in a timely manner, to pay for the supplemental expert report, and to produce its expert for deposition are neither substantially justified nor harmless." (See Preclusion Order p. 9.)

Plaintiff requests the Court to reconsider the Court's Preclusion Order.

## ANALYSIS AND DISCUSSION

**A. Standard of Review**

Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). There may also be other, highly unusual, circumstances warranting reconsideration. *School Dist. No. 1J, Multnomah County*, 5 F.3d at 1263. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984); see *Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999) (A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration), *cert. denied*, 529 U.S. 1129 (2000). Under this Court's Local Rule 230(k), a party seeking reconsideration must demonstrate "what new facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion and why the facts or circumstances were not shown at the time of the prior motion." Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff does not argue that reconsideration is appropriate because of newly discovered evidence or because of an intervening change in controlling law. The grounds upon which plaintiff seeks reconsideration is for any "other reason that justifies relief." See Fed.R.Civ.P. 60(b)(6). Plaintiff argues that reconsideration is required to correct a clear error of fact and to prevent manifest injustice.

/////

**B.      Plaintiff's Argument of "Error of Fact"**

Plaintiff argues that the Court should reconsider, and reverse the Court's Preclusion Order, because the Court mistakenly believed that plaintiff failed to comply with Judge Snyder's order to pay defendants' expert for 5 hours of review and amendment. Plaintiff presents evidence that the expert had been compensated.

This is an argument that could have, and should have, been presented to the Court in the initial motion. New arguments not previously presented, which could have been presented, are not a proper subject for reconsideration. See *Novato Fire Protection Dist.,* 181 F.3d at 1142, n.6 (A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration).

Plaintiff argues that it had assumed in the prior motion that the expert's compensation was a non-issue, because the expert had been compensated. The issue, however, had been raised by defendants several times in their moving papers and supporting evidence. For instance, defendants referred to several correspondence in which defendants sought compensation for their expert who had not been paid. (*See e.g.*, Doc. 74, moving papers p.6:1-4.) In addition, defendants listed the non-compensation as items of plaintiff's failure to comply with the Court's order. Thus, the issue should have been presented to the Court because it was raised by defendants. Therefore, the issue was squarely before the Court.

Nonetheless, the Preclusion Order was not issued on the sole grounds of failure to compensate defendants' expert as required by Judge Snyder's order. Rather, the Court considered the totality of the parties' dealings regarding their experts. Accordingly, this ground offers no basis for reconsideration or reversal of the Preclusion Order.

Plaintiff also argues the Court incorrectly characterized its failure to produce plaintiff's expert for deposition as a "refusal" to produce. (Doc. 123 p. 7.) In its motion for reconsideration, plaintiff reargues, as it did, its prior position: plaintiff sought a brief delay in the depositions while the experts reviewed supplemental reports.

This argument was also squarely before the Court in defendants' motion for sanctions. The Court considered plaintiff's argument about the proximity of the depositions to the production of the supplemental expert report. The Court ruled:

> "The only proffered excuse is the 'delay' in receiving Mr. McLaughlin's supplemental report. Whatever the 'timing' issue of supplementing the expert's report, plaintiff was not entitled to ignore Judge Snyder's order, and the Federal Rules of Civil Procedure, and unilaterally cancel its expert for deposition." (Doc. Preclusion Order p. 8.)

Accordingly, this ground offers no basis for reconsideration or reversal of the Preclusion Order.

**C.   Plaintiff's Argument of "Manifest Injustice"**

Plaintiff argues that the Court should reconsider its Preclusion Order and admit the testimony of plaintiff's expert to prevent manifest injustice. (Doc. 134 p.8.) Plaintiff notes that defendants' expert's testimony is the heart of defendants' pending motion for summary judgment. Plaintiff argues it would be unfair and unjust to preclude plaintiff's expert because plaintiff cannot fairly present its case and rebut the opinions presented by defendants' expert. (Doc. 134 p.9.)

The Court finds that manifest injustice will not result from the Preclusion Order. Here, the manifest injustice is alleged as the inability to fairly present its case and rebut the opinions of defendants' retained expert. Plaintiff, however, retains the opportunity to challenge defendants' retained expert's opinions. For instance, plaintiff has filed evidentiary objections to the expert's declaration which was submitted in support of the summary judgment. (See Doc. 140 Motion in Limine to Preclude Expert McLaughlin.) Plaintiff's alternative position is that defendant's expert opined on pure issues of law. As plaintiff correctly argues in its evidentiary objections, experts may not opine on pure issues of law and interpretation of a contract is an issue of law. *See e.g, Devin v. United Services Auto. Assn.,* 6 Cal.App.4th 1149, 1157-1158, 8 Cal.Rptr.2d 263 (1992). Thus, plaintiff may challenge the substance of defendants' expert's testimony and address the merits of the testimony. Accordingly, the Court does not find manifest injustice.

**CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion for reconsideration and DENIES reversal of the Court's Preclusion Order (Doc. 93).

IT IS SO ORDERED.

**Dated:   December 9, 2009**                    /s/ Lawrence J. O'Neill
                                                                        UNITED STATES DISTRICT JUDGE

4